

JAN 0 7 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

# FILED

DEC 2 3 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WILLIAM MORRIS, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>        v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7525<br><br>Judge Ronald Guzman |
| MARSHALL GREENFIELD, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>        v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7774<br><br>Judge William Hart |

(additional case captions on following pages)

## NOTICE OF MOTION

PHILIP BRIGGS, individually and on behalf of all
others similarly situated,

                                    Plaintiff,

                    v.

AMERICAN BIOSCIENCE, INC., AMERICAN
PHARMACEUTICAL PARTNERS, INC.,
PATRICK SOON-SHIONG, DEREK J. BROWN,
JEFFREY M. YORDON, and NICOLE S.
WILLIAMS

No. 03 C 8118

Judge James Holderman

WILLIAM SUMERFORD, individually and on
behalf of all others similarly situated,

                                    Plaintiff,

                    v.

AMERICAN BIOSCIENCE, INC., AMERICAN
PHARMACEUTICAL PARTNERS, INC.,
PATRICK SOON-SHIONG, DEREK J. BROWN,
JEFFREY M. YORDON, and NICOLE S.
WILLIAMS

No. 03 C 8420

Judge Milton Shadur

PATRICK B. MARTIN, individually and on behalf
of all others similarly situated,

                                    Plaintiff,

                    v.

AMERICAN BIOSCIENCE, INC., AMERICAN
PHARMACEUTICAL PARTNERS, INC.,
PATRICK SOON-SHIONG, DEREK J. BROWN,
JEFFREY M. YORDON, and NICOLE S.
WILLIAMS

No. 03 C 8654

Judge Amy St. Eve

## NOTICE OF MOTION

**To:**   All Counsel on Attached Service List

**PLEASE TAKE NOTICE** that at 9:30 a.m. on Tuesday, January 6, 2004, we shall appear before the Honorable Ronald A. Guzman, or any other judge sitting in his stead, in Courtroom 1219 of the United States District Court for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn Street, Chicago, Illinois, and shall then and there present Patrick Martin's attached *Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of His Selection of Lead Counsel*, a copy of which is attached hereto and is hereby served upon you, together with Mr. Martin's supporting *Memorandum of Law* and the supporting *Declaration of Adam J. Levitt*, both of which were filed contemporaneously therewith.

**DATED:**   December 23, 2003

By: _____

Adam J. Levitt, Esq.
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
656 West Randolph Street, Suite 500W
Chicago, Illinois 60661
(312) 466-9200 (t)
(312) 466-9292 (f)

Fred Taylor Isquith, Esq.
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
270 Madison Avenue, Ninth Floor
New York, New York 10016
(212) 545-4600 (t)
(212) 545-4653 (f)

*Counsel for Proposed
Lead Plaintiff Patrick Martin*

4513

## CERTIFICATE OF SERVICE

I, Adam J. Levitt, an attorney, hereby certify that I personally caused true and correct copies of the foregoing Patrick Martin's *Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of His Selection of Lead Counsel*; his *Memorandum of Law* in support thereof; and the supporting *Declaration of Adam J. Levitt*, to be served upon all counsel listed on the attached Service List, by First Class United States Mail, proper postage prepaid, this 23rd day of December, 2003.

By: _____
Adam J. Levitt

4539

# SERVICE LIST

Patrick Vincent Dahlstrom, Esq.
Leigh Robbin Handelman, Esq.
**POMERANTZ HAUDEK BLOCK**
 **GROSSMAN & GROSS LLP**
One North LaSalle Street, Suite 2225
Chicago, Illinois  60602-3908
(312) 377-1181

Eric Belfi, Esq.
**RABIN & PECKEL, LLP**
275 Madison Avenue
New York, New York  10016
(212) 682-1818

Christopher J. Keller, Esq.
**GOODKIND, LABATON,**
 **RUDOFF & SUCHAROW**
100 Park Avenue, Twelfth Floor
New York, New York  10017-5563
(212) 907-0700

Norm Rifkind, Esq.
**LASKY & RIFKIND, LTD.**
351 W. Hubbard, Suite 406
Chicago, Illinois 60610
(312) 634-0057

Marvin Alan Miller, Esq.
Jennifer Winter Sprengel, Esq.
Anthony F. Fata, Esq.
**MILLER FAUCHER AND**
 **CAFFERTY, LLP**
30 North LaSalle Street, Suite 3200
Chicago, Illinois  60602
(312) 782-4880

Karen M. Hanson, Esq.
Richard A. Lockridge, Esq.
**LOCKRIDGE GRUNDAL**
 **NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota  55401
(612) 339-6900

Marc S. Henzel, Esq.
**LAW OFFICE OF MARC S. HENZEL**
237 Montgomery Avenue, Suite 202
Bala Cynwyd, Pennsylvania  19004
(610) 660-8000

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
**CAULEY, GELLER, BOWMAN,**
 **& RUDMAN LLP**
200 Broadhollow Road, Suite 406
Melville, New York  11747
(631) 367-7263

Carol V. Gilden, Esq.
Michael E. Moskovitz, Esq.
**MUCH, SHELIST, FREED,**
 **DENENBERG, AMENT &**
 **RUBENSTEIN, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60605-1615
(312) 521-2000

Richard A. Maniskas, Esq.
Marc A. Topaz, Esq.
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

William F. Burns, Esq.
**GLASSMAN, EDWARDS, WADE**
 **& WYATT, P.C.**
26 North Second Street
Memphis, Tennessee  38103

Steven G. Schulman, Esq.
Peter Seidman, Esq.
**MILBERG, WEISS, BERSHAD,**
 **HYNES & LERACH LLP**
One Pennsylvania Plaza, Forty-Ninth Floor
New York, New York  10119
(212) 594-5300

Nadeem Faruqi, Esq.
**FARUQI & FARUQI, LLP**
320 East 39th Street
New York, New York  10017
(212)983-9330


DOCKETED
JAN 0 7 2004

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED

DEC 2 3 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WILLIAM MORRIS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 03 C 7525 |
| v. | Judge Ronald Guzman |
| AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | |
| MARSHALL GREENFIELD, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 03 C 7774 |
| v. | Judge William Hart |
| AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | |

(additional case captions on following pages)

**PATRICK MARTIN'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

PHILIP BRIGGS, individually and on behalf of all others similarly situated,

                                        Plaintiff,

        v.

AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS

No. 03 C 8118

Judge James Holderman

---

WILLIAM SUMERFORD, individually and on behalf of all others similarly situated,

                                        Plaintiff,

        v.

AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS



No. 03 C 8420

Judge Milton Shadur

---

PATRICK B. MARTIN, individually and on behalf of all others similarly situated,

                                        Plaintiff,

        v.

AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS

No. 03 C 8654

Judge Amy St. Eve

## PATRICK MARTIN'S MOTION FOR
## CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
## AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL

Patrick Martin ("Plaintiff" or "Mr. Martin"), whose certification is attached as Exhibit B to the accompanying Declaration of Adam J. Levitt, by his undersigned counsel, respectfully moves this Court, for an Order: (i) pursuant to Fed. R. Civ. P. 42(a), consolidating the above-captioned class actions; and (ii) pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995: (a) appointing Mr. Martin as Lead Plaintiff in the above-captioned class actions; and (b) approving Mr. Martin's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

In support of his Motion, movant submits: (i) the Declaration of Adam J. Levitt, dated December 23, 2003, with exhibits; (ii) *Mr. Martin's Memorandum of Law in Support of His Motion for Consolidation, Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel*, filed contemporaneously herewith; and (iii) a proposed order granting Mr. Martin's motion for consolidation, appointment as Lead Plaintiff, and approval of his selection of Lead Counsel.

**WHEREFORE**, Mr. Martin respectfully requests that these cases be consolidated, that Mr. Martin be appointed Lead Plaintiff on behalf of the class, and that this Court approve Mr. Martin's selection of Wolf Haldenstein as Lead Counsel.

**DATED:**    December 23, 2003

By:    _____
Adam J. Levitt, Esq.
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
656 West Randolph Street, Suite 500W
Chicago, Illinois 60661
(312) 466-9200 (t)
(312) 466-9292 (f)

Fred Taylor Isquith, Esq.
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue, Ninth Floor
New York, New York  10016
(212) 545-4600 (t)
(212) 545-4653 (f)

*Counsel for Proposed*
*Lead Plaintiff Patrick Martin*

4502

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM MORRIS, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7525<br>Judge Ronald Guzman |
| MARSHALL GREENFIELD, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7774<br>Judge William Hart |

(additional case captions on following pages)

## PATRICK MARTIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL



PHILIP BRIGGS, individually and on behalf of all
others similarly situated,

                                        Plaintiff,

                    v.

AMERICAN BIOSCIENCE, INC., AMERICAN
PHARMACEUTICAL PARTNERS, INC.,
PATRICK SOON-SHIONG, DEREK J. BROWN,
JEFFREY M. YORDON, and NICOLE S.
WILLIAMS

No. 03 C 8118

Judge James Holderman

WILLIAM SUMERFORD, individually and on
behalf of all others similarly situated,

                                        Plaintiff,

                    v.

AMERICAN BIOSCIENCE, INC., AMERICAN
PHARMACEUTICAL PARTNERS, INC.,
PATRICK SOON-SHIONG, DEREK J. BROWN,
JEFFREY M. YORDON, and NICOLE S.
WILLIAMS

No. 03 C 8420

Judge Milton Shadur

PATRICK B. MARTIN, individually and on behalf
of all others similarly situated,

                                        Plaintiff,

                    v.

AMERICAN BIOSCIENCE, INC., AMERICAN
PHARMACEUTICAL PARTNERS, INC.,
PATRICK SOON-SHIONG, DEREK J. BROWN,
JEFFREY M. YORDON, and NICOLE S.
WILLIAMS

No. 03 C 8654

Judge Amy St. Eve

# PATRICK MARTIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL

## I. INTRODUCTION

Currently pending before this Court are five (5) securities class action lawsuits against American Bioscience, Inc., American Pharmaceutical Partners, Inc., Patrick Soon-Shiong, Derek J. Brown, Jeffrey M. Yordon, and Nicole S. Williams (collectively "Defendants").[1] These actions are:

(i)  *Morris v. American Bioscience, Inc., et al.*, 03 C 7525;

(ii)  *Greenfield v. American Bioscience, Inc., et al.*, 03 C 7774;

(iii)  *Briggs v. American Bioscience, Inc., et al.*, 03 C 8118;

(iv)  *Sumerford v. American Bioscience, Inc., et al.*, 03 C 8420; and

(v)  *Martin v. American Bioscience, Inc., et al.*, 03 C 8654.

These actions allege that defendants engaged in a common scheme and course of conduct to defraud investors in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Pursuant to the portion of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") codified at 15 U.S.C. § 78u-4(a)(3)(B), section 21D(a)(3)(B) of the Exchange Act, movant Patrick Martin ("Plaintiff" or "Mr. Martin"), respectfully submits this memorandum of law in support of his motion for consolidation, the appointment of Mr. Martin as Lead Plaintiff, and approval of Mr. Martin's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf

---

[1] There were originally seven (7) actions filed against Defendants arising out of the same alleged facts. On December 2, 2003, this Court entered an Order, *inter alia*, consolidating *Windsor v. American Bioscience, Inc., et al.*, Case No. 03 C 7620, and *Rafool v. American Bioscience, Inc., et al.*, Case No. 03 C 7901, with *Morris v. American Bioscience, Inc., et al.*, Case No. 03 C 7525, the lowest-numbered of those cases and the one pending before this Court. On December 16, 2003, this Court heard Mr. Morris' subsequent Motion for a

Haldenstein") as Lead Counsel.[2]

As set forth in his certification attached as Exhibit B to the *Declaration of Adam J. Levitt*, submitted in support of this motion, Mr. Martin purchased American Pharmaceutical Partners, Inc.'s ("APP") securities between the dates of February 19, 2002, and September 24, 2003 (the "Class Period"), and suffered damages as a result of defendants' violations of the federal securities laws in the manner alleged in the Complaint. Specifically, Mr. Martin's purchase of APP's securities during the Class Period resulted in him suffering damages of approximately $10,750.

Section 21D of the Exchange Act, added by the PSLRA, sets forth the procedure for the selection of a lead plaintiff to oversee class actions brought under the federal securities laws. Specifically, section 21D(e)(3)(A)(i) provides that, within 20 days after the date that a class action governed by the PSLRA is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the proposed class:

> (i)     of the pendency of the action, the claims asserted therein, and the proposed class period; and

> (iv)    that, not later than 60 days after the date on which the notice is published, any member of the proposed class may move the court to serve as lead plaintiff of the proposed class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

The first-filed case against APP and the other Defendants for the fraud described in that

---

Finding of Relatedness, and took that motion under advisement.

[2]     As set forth herein, the PSLRA specifically authorizes class members, regardless of whether they have filed a Complaint, to move for appointment as lead plaintiff. *See* 15 U.S.C. §78U-4(a)(3)(B). Should Mr. Martin be deemed an unsuitable class representative, plaintiffs reserve the right to offer alternative representatives from among the additional Class members who have either filed one of the actions presently consolidated or have executed certificates pursuant to the PSLRA evidencing their willingness and requisite standing to participate in the prosecution of the action.

Complaint and herein, was filed in this District on October 24, 2003. That same day, the plaintiff in the first filed case caused to be published over the *Business Wire*, notice of the pendency of the action.[3]

The PSLRA provides that within 60 days after the issuance of the first published notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Further, section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions to serve as lead plaintiff not later than 90 days after the date of the first published notice or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Since the first notice was published on October 24, 2003, the sixtieth day after that publication of notice is December 23, 2003. Accordingly, this application, filed Tuesday, December 23, 2003, is timely.

Moreover, under section 21D(a)(3)(B)(iii)(I) of the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that such plaintiff is the person, or group of persons, which:

     (aa)    has either filed the complaint or made a motion in response to a notice...;

     (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

     (cc)    otherwise satisfied the requirements of Rule 23 of the Federal rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As demonstrated below, Mr. Martin has satisfied each of these requirements.

---

[3] A copy of the first filed notice of pendency is annexed as Exhibit A to the *Declaration of Adam J. Levitt*, dated December 23, 2003, offered in support of this application. ("Levitt Decl.").

## II. SUMMARY OF THE CLAIM

Each of the complaints filed in this action alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by issuing a series of material misrepresentations to the market between February 19, 2002 and September 24, 2003. The action alleges that Defendants made materially false and misleading statements with respect to the drug Abraxane, a reformulated version of Taxol, under development for the treatment of breast cancer. Throughout the Class Period, Defendants hyped Abraxane as a safer and more effective alternative to Taxol, the world's best-selling chemotherapy drug for cancer. Defendants claimed that clinical studies had indicated that: (a) Abraxane could be administered without Cremophor, a toxic substance with severe side-effects that limited the tolerable dose and effectiveness of Taxol; (b) that, unlike Taxol, Abraxane could be administered without the need for potentially harmful steroid pre-medication and other drugs that reduce the loss of white blood cells; (c) because Abraxane was not formulated with a toxic substance it could be delivered in much higher doses than Taxol and was therefore more effective than Taxol with respect to reduction in tumor size; and (d) because it can be injected intravenously directly to the location of the tumor, Abraxane therapy takes a much shorter amount of time to administer – only one-half hour for Abraxane, compared to three hours for Taxol. Throughout the Class Period, Defendants stated that studies indicated that "ABI-007 [Abraxane] is apparently well tolerated" at high doses [. . .] without the need for steroid premedication and G-CSF support.

Moreover, during the Class Period, a consultant hired by APP gave Abraxane an 80% chance of success and pegged the value of APP's license to sell and market the drug at $1 billion. As noted by *Forbes* magazine, in an article published on October 7, 2003, based substantially on Defendants' claims for Abraxane, "frenzied investors have bid the company's market value up 250% in the past

- 4 -

year, to $2.4 billion, or ten times the revenue APP generates from its main business of selling generic injectable drugs."

The truth began to emerge on September 24, 2003. On that date, Defendants issued an ostensibly positive news release to announce the preliminary results of Phase III testing of Abraxane. Commentators, however, noted that the news release did not include the data underlying the trial results, and that the trial lacked a common safeguard known as "double blinding," designed to prevent research bias, since doctors and patients both knew whether Abraxane or Taxol was in use. Moreover, in that same press release, APP narrowed some of its claims regarding Abraxane, stating not that Abraxane was well tolerated without the need for steroid premedication and G-CSF support [to reduce loss of white blood cells] but rather, noted the absence of "severe hypersensitivity reactions despite no routine pre-medication in patients receiving Abraxane" and stated that the procedure was to administer Abraxane "without routine steroid pretreatment or growth factor support."

The lack of backup data, and the distinction between "no steroid pretreatment" and "no routine steroid pretreatment" was not lost on investors; as the market digested the release and its implications, APP's share price fell 32% from a Class Period high of $44.14 on September 24, 2003 to a closing price of $29.59 on September 26, 2003. Two trading days before the announcement – but after APP had seen the Phase III trial results – Defendant Soon-Shiong disposed of 300,000 shares of his personally held APP stock while the stock was trading at between $38.68 and $35.47.

## III. ARGUMENT

### A. MR. MARTIN SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1. The Legal Requirements Under The PSLRA

The PSLRA sets forth procedures for the appointment of lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(1). The plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.[4] Members of the purported plaintiff class may seek appointment as lead plaintiff within 60 days after publication of such notice. No later than 90 days after the date on which the notice was published, the Court should consider all timely motions for appointment as lead plaintiff and determine which class member is "most capable of adequately representing the interests of class members." 15 U.S.C. §§ 78u-4(a)(3)(A)(i), (a)(3)(B)(i). The Exchange Act permits individuals as well as groups of plaintiffs to be appointed lead plaintiff. 15 U.S.C. § 78u-(4)(a)(3)(B)(i) (the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."[5]

The time period in which a class member in this action may move to be appointed lead plaintiff expires on December 23, 2003. Pursuant to the PSLRA, Mr. Martin has timely moved this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

#### (A) Mr. Martin Has The Largest Financial

---

[4] A copy of the first-published notice is annexed to the *Levitt Decl.* as Exhibit A. Publication of this notice on the *Business Wire* satisfies the Exchange Act's requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2716, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

[5] Pursuant to the requirements of the PSLRA, Market Street has executed a certification stating that its representative has reviewed one of the complaints filed in this consolidated action and is willing to serve as a representative plaintiff on behalf of the Class described therein. *See* Exhibit B to the *Levitt Decl.*

### Interest In The Relief Sought by The Class

In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who "has the largest financial interest in the relief sought by the class" and who otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I). *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-(4)(a)(3)(B)(iii)(II).

Mr. Martin has a substantial financial stake in this litigation, as it suffered total losses of at least $10,750. Movant is aware of no proposed lead plaintiff with a larger financial stake in this litigation. Because Mr. Martin possesses the largest financial interest in the outcome of this litigation, he is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(bb). Moreover, Mr. Martin is qualified to represent the class and is willing to serve as a representative party in this litigation. In addition, Mr. Martin has selected counsel who are highly experienced in prosecuting securities class action cases such as this one. Accordingly, Mr. Martin satisfies the requirements for appointment of lead plaintiff under the PSLRA.

### (B)    Mr. Martin Preliminarily Satisfies The Requirements Of Rule 23

In addition to the aforementioned requirements, the PSLRA also dictates that the proposed lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 21D(a)(3)(B)(iii)(I)(cc). With respect to class representatives' claims, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and

(4) the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a) and (b)(3). For purposes of a motion for appointment of lead plaintiff, a movant need only make a *prima facie* showing that he or she satisfies Rule 23. *See Greebel*, 939 F. Supp. at 64.

Indeed, of the prerequisites to class certification set forth in Rule 23, only the typicality and adequacy prongs are implicated in any consideration of the "most adequate plaintiff." This is clear from section 21D(a)(3)(B)(iii)(II) of the PSLRA, which provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that this individual or group:

> (dd)  will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*Id.* Consequently, in deciding a motion for appointment of lead plaintiff, inquiry should be limited to the typicality and adequacy prongs of Rule 23(a). *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 12432, at * 20. *See also, e.g., In re Olsten Corp. Secs. Litig.*, 3 F. Supp. 2d 286, 296, (E.D.N.Y. 1998) ("A proposed lead plaintiff must only make a preliminary showing that he or she satisfies the requirement of Rule 23(a)"); *In re Advanced Tissue Sciences Secs. Litig.*, Master File No. 98-1146-IEG (LAB), 1998 U.S. Dist. LEXIS 16926, at *19-21 (S.D. Cal. Oct. 20, 1998).

### (1)  Mr. Martin Satisfies the Typicality Requirement of Fed. R. Civ. P. 23(a)(3)

The typicality requirement of Rule 23(a)(3) is satisfied when each class member's claims arise from the same course of events and each class member makes similar arguments to prove the defendants' liability. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993). *See also Reiger v. Altris Software, Inc.*, No. 98 CV 0528J (JFS), 1998 U.S. Dist LEXIS 14705, at *10 (S.D. Cal. Sept. 11, 1998) (quoting *In re United Energy Corp.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988)). Mr. Martin 's claims are typical of those of the Class. Mr. Martin will allege,

as do all Class members, that Defendants violated the Exchange Act by issuing false and misleading statements and failing to disclose materials facts concerning Defendants' misrepresentations about APP's drug testing results and the circumstances relating thereto. They will further allege that these false and misleading statements or omissions caused the price of APP's securities to be artificially inflated during the Class Period. Mr. Martin, as did all Class members, purchased APP securities during the Class Period at prices or terms artificially distorted by Defendants' misrepresentations or omissions, and plaintiffs and the Class were damaged as a result. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3). *Rosario*, 963 F.2d at 1018.

### (2)  Mr. Martin Satisfies the Adequacy Requirements of Fed. R. Civ. P. 23(a)(4)

Section 21D of the PSLRA directs the Court to limit its inquiry under the adequacy prong to the existence of any conflicts between the interests of the proposed representatives and the members of the class, and to then allow the lead plaintiff or plaintiffs to retain lead counsel to represent the class, "subject to the approval of the court." § 21D(a)(3)(B)(v). The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Representation is adequate when counsel for the class is qualified and competent, and the interests of the representatives are not antagonistic to the interests of absent class members. *Reiger*, 1998 U.S. Dist LEXIS 14705, at *10 (citing *In re Dalkon Shield Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Here, Mr. Martin 's interests are clearly aligned with the interests of the other Class members and there is no evidence of any antagonism between his interests and those of the Class. As detailed above, Mr. Martin shares numerous commons questions of law and fact with the other Class

members and Mr. Martin's claims are typical of the other Class members' claims. Indeed, Mr. Martin is a victim of the same fraud as are all other Class members, and Mr. Martin's claims raise similar questions of law and fact as do those of all other Class members. To further his own interests in this litigation, Mr. Martin will thus necessarily have to advance the interests of all Class members.

Further, Mr. Martin has already demonstrated his interest in pursuing this action on behalf of the Class by executing a Certification form attesting to his willingness to assume the responsibilities of a class representative in this litigation and by retaining counsel highly experienced in prosecuting securities class actions such as this action, vigorously and efficiently, and herein submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See* Exhibit B to *Levitt Decl*. These facts amply demonstrate that Mr. Martin will adequately represent the Class members' interests in this case.

**B.    THIS COURT SHOULD APPROVE
       MR. MARTIN'S SELECTION OF COUNSEL**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to court approval. *See* Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with congressional intent, a court should not disturb the lead plaintiff's choice of counsel, unless "necessary to protect the interest of the plaintiff class." *See* Statement of Managers. The Private Securities Litigation Reform Act of 1995, 141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt. No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995). Indeed, the Court should only interfere with lead plaintiff's counsel selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Martin has selected Wolf Haldenstein to serve as Lead Counsel. As detailed in its firm resume, Wolf Haldenstein has extensive expertise and experience in the field of securities

litigation and has successfully prosecuted numerous securities fraud class actions and obtained

excellent recoveries on behalf of defrauded investors.[6]  The Court may thus be confident that the

Class will receive the highest caliber of legal representation.

## C.    THE ACTIONS SHOULD BE CONSOLIDATED PURSUANT TO FED. R. CIV. P. 42(a)[7]

Consolidation of actions in federal courts is governed by Fed. R. Civ. P. 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of

law and fact. *See generally Manual for Complex Litigation (3d ed.)* (Federal Judicial Center 1995)

at §§ 20.123, 21,631.  Accordingly, consolidation of related complex litigations, including class

actions brought under the federal securities laws, is commonplace. *See, e.g.*, Wright & Miller, 9

FEDERAL PRACTICE & PROCEDURE: Civil 2d (1994) at §§ 2384-85; 8 *Moore's Federal Practice* (3d

ed. 1997) at § 42.10[1][6] (noting that "securities law actions alleging similar violations against the

same defendant" are "routinely" consolidated).  Similarly, Section 21(D)(a)(3)(B) of the PSLRA

contemplates the consolidation of multiple actions "asserting substantially the same claim or claims."

Consolidation is appropriate where there are common issues of law or fact, and where the

benefits of consolidation outweigh potential prejudice to the defendants. *See, e.g., Cook v.*

*McCarron*, Case No. 92 C 7042, 92 C 828, 1997 WL 47448, *4 (N.D. Ill., Jan 30, 1997)

(consolidation appropriate due to the existence of "common issues between the two cases"); *see also*

---

[6]  Wolf Haldenstein's Firm Resume is annexed as Exhibit C to the *Levitt Decl.*

[7]  Although not essential to the lead plaintiff motion, for the administrative convenience of the Court and all counsel, Mr. Martin also applies for consolidation.  In doing so, plaintiffs **do not** intend to delay or extend any

*Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate") (citing *International Paving Systems, Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992)); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990) ("Rule 42(a) ... empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."). Circuit courts have recognized the utility of consolidation, leaving to district courts the discretion to make appropriate Rule 42(a) orders: "[t]he trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1284-85. Similarly, section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims."

Consolidation is appropriate here. All of the above-captioned actions are based on substantially similar factual allegations and make the same legal claims under the federal securities laws. Accordingly, the interests of economy and justice therefore militate strongly in favor of a consolidation order.

---

time periods for the lead plaintiff motion.

## IV. CONCLUSION

For all of the foregoing reasons, Patrick Martin respectfully requests that these cases be consolidated, that he be appointed Lead Plaintiff on behalf of the class, and that this Court approve Mr. Martin's selection of Wolf Haldenstein as Lead Counsel.

**DATED:**   December 23, 2003

By: _____

Adam J. Levitt, Esq.
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
656 West Randolph Street, Suite 500W
Chicago, Illinois 60661
(312) 466-9200 (t)
(312) 466-9292 (f)

Fred Taylor Isquith, Esq.
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue, Ninth Floor
New York, New York 10016
(212) 545-4600 (t)
(212) 545-4653 (f)

***Counsel for Proposed***
***Lead Plaintiff Patrick Martin***

4503

- 13 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**FILED**

CA DEC 2 3 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED

JAN 0 7 2004

| | |
|---|---|
| WILLIAM MORRIS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7525<br>Judge Ronald Guzman |
| MARSHALL GREENFIELD, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7774<br><br>Judge William Hart |

(additional case captions on following pages)

## DECLARATION OF ADAM J. LEVITT IN SUPPORT
## OF PATRICK MARTIN'S MOTION FOR CONSOLIDATION, APPOINTMENT
## AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

PHILIP BRIGGS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS

No. 03 C 8118

Judge James Holderman

WILLIAM SUMERFORD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS

No. 03 C 8420

Judge Milton Shadur

PATRICK B. MARTIN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS

No. 03 C 8654

Judge Amy St. Eve

**DECLARATION OF ADAM J. LEVITT IN SUPPORT**
**OF PATRICK MARTIN'S MOTION FOR CONSOLIDATION, APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

I, ADAM J. LEVITT, declare as follows:

1.      I am a partner in the law firm of Wolf Haldenstein Adler Freeman & Herz, one of

Patrick Martin's counsel in this litigation.  I am admitted to practice law before the courts of Illinois,

including this federal district.  I submit this declaration in support of *Patrick Martin's Motion for*

*Consolidation, Appointment as Lead Plaintiff, and Approval of His Selection of Lead Counsel.*

2.      Attached to this supporting Declaration are true and correct copies of the following

documents:

**Exhibit A:**     Notice of Pendency published on *Business Wire* on October 24, 2003;

**Exhibit B:**     Patrick Martin's Certification; and

**Exhibit C:**     Wolf Haldenstein Adler Freeman & Herz's firm resume.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing statements are true and correct to the best of my knowledge and belief.

Signed this 23rd day of December, 2003, in Chicago, Illinois.

_____
ADAM J. LEVITT

4516

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM MORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7525<br>Judge Ronald Guzman |
| MARSHALL GREENFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 7774<br><br>Judge William Hart |

(additional case captions on following pages)

## [PROPOSED] ORDER

| | |
|---|---|
| PHILIP BRIGGS, individually and on behalf of all others similarly situated,<br><br>                                            Plaintiff,<br><br>                       v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 8118<br><br>Judge James Holderman |
| WILLIAM SUMERFORD, individually and on behalf of all others similarly situated,<br><br>                                            Plaintiff,<br><br>                       v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 8420<br><br>Judge Milton Shadur |
| PATRICK B. MARTIN, individually and on behalf of all others similarly situated,<br><br>                                            Plaintiff,<br><br>                       v.<br><br>AMERICAN BIOSCIENCE, INC., AMERICAN PHARMACEUTICAL PARTNERS, INC., PATRICK SOON-SHIONG, DEREK J. BROWN, JEFFREY M. YORDON, and NICOLE S. WILLIAMS | No. 03 C 8654<br><br>Judge Amy St. Eve |

## [PROPOSED] ORDER

This Court, having considered Patrick Martin's *Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of His Selection of Lead Counsel*, and the contemporaneously-filed Memorandum of Law and the December 23, 2003 *Declaration of Adam J. Levitt* submitted in support thereof, hereby orders as follows:

1.      The above-captioned actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings, and trial proceedings, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.      The consolidated action shall be identified as: *In re American Bioscience Securities Litigation,* 03 C 7525; and the files of this action shall be maintained in one file under Master File No. 03 C 7525.  Any other civil actions now pending or hereafter filed in this District which arise out of the same facts and claims as alleged in these consolidated actions shall be consolidated with this action for all purposes if, as, and when the Court is apprised of them.  The parties shall notify the Court of any other action which is pending or filed outside of this District which may be related to the subject matter of these consolidated actions if and when they become aware of such actions.

3.      Pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), Patrick Martin is appointed Lead Plaintiff for the Class.

4.      Lead Plaintiff's selection of counsel is approved: pursuant to section 21(D)(a)(3)(B)(v) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B)(v), the law firm of Wolf Haldenstein Adler Freeman & Herz is appointed Lead Counsel in the consolidated action.

5.      Lead Plaintiff shall file a Consolidated Complaint no later than 45 days from the date

of the entry of this Order, unless otherwise agreed between the parties. The Consolidated Complaint shall be treated as if it were the original complaint in the actions consolidated herein, except that all Defendants shall have 45 days after the filing and service of the Consolidated Complaint to answer or otherwise respond, unless otherwise agreed to between the parties.

**IT IS SO ORDERED**

Date: _____          _____
                                            U.S.D.J.

SUBMITTED BY:

Adam J. Levitt
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLC**
656 West Randolph Street, Suite 500W
Chicago, Illinois 60661
(312) 466-9200 (t)
(312) 466-9292 (f)

*Counsel for Proposed*
 *Lead Plaintiff Patrick Martin*

4538

# SEE CASE FILE FOR EXHIBITS