# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7525 | **DATE** | 11/2/2004 |
| **CASE TITLE** | WILLIAM MORRIS vs. AMERICAN BIOSCIENCE, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendants' motion to transfer venue [doc. no. 43-1]. This case is hereby transferred to the Central District of California. This case is terminated. Any pending motions or schedules are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | 59 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | NOV 0 3 2004 | |
| | | | date mailed notice | |
| | CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MORRIS, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) AMERICAN BIOSCIENCE, INC., AMERICAN ) PHARMACEUTICAL PARTNERS, INC., ) PATRICK SOON-SHIONG, ) ) Defendants. ) | Judge Ronald A. Guzmán 03 C 7525 |

DOCKETED
NOV 0 3 2004

### MEMORANDUM OPINION AND ORDER

Plaintiff Morris and all others similarly situated brought this action against defendants American Bioscience, Inc., ("ABI"), American Pharmaceutical Partners, Inc., ("APP"), and Patrick Soon-Shiong ("Soon-Shiong") for allegedly artificially inflating APP's stock. Before the Court is ABI, APP, and Soon-Shiong's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the Central District of California. For the reasons set forth below, the Court grants Defendants' motion.

### FACTS

Plaintiffs allege that Defendants made materially false and misleading statements regarding the drug Abraxane, a reformulated version of Taxol under development for the treatment of breast cancer, in order to artificially inflate the value of APP's stock between October 25, 2002 and September 24, 2003. (Compl. ¶ 1.) In order to develop and test the new drug, Abraxane, the defendants instituted clinical trials. (*Id.* ¶ 51.) The trials for Abraxane consisted of three phases. (*Id.*) In Phase I, researchers test the drug or treatment in a small

number of people to evaluate safety, dosage, and side effects. (*Id.*) In Phase II, researchers enlarge the study group in order to determine the drug's effectiveness. (*Id.*) In Phase III, researchers give Abraxane to a larger study group in order to evaluate the drug's success and to collect information for safe drug treatment. (*Id.*) It is in Phase III that the plaintiffs allege Defendants made materially false and misleading statements with regard to Abraxane. (*Id.* ¶ 16.)

On December 14, 2001, APP became a publicly traded company. (*Id.* ¶ 2.) Shares began trading that day at sixteen dollars a share. (*Id.*) During Phase III, APP issued press releases in order to describe Abraxane to potential stock purchasers. (*Id.* ¶ 11.) These releases, dated October 25, 2002 through September 19, 2003, attempted to differentiate Abraxane from its competitor Taxol by asserting that Abraxane did not require steroid treatment. (*Id.*) On September 24, 2003, APP changed the press release to state that "no routine steroid pretreatment" would be needed. (*Id.* ¶ 17.) Plaintiffs allege that this was a material change and that consequently stock prices fell dramatically within two days of the September 24 press release. (*Id.* ¶ 18.) Moreover, Plaintiffs allege that Defendants artificially inflated stock prices using language that misled potential investors in all of the press releases that pre-dated September 24, 2003. (*Id.* ¶¶ 20-21.)

## DISCUSSION

Defendants move to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a). District courts may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Consequently, transfer is proper under 1404(a) when "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the

transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998); *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 901-02 (N.D. Ill. Oct. 11, 2001). Weighing the "factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219-20.

Here the parties do not dispute that venue is proper in both the Central District of California and the Northern District of Illinois. Therefore, the Court focuses on whether the convenience of the witnesses and parties and the interests of justice weigh in favor of transfer. The party seeking to transfer venue bears "the burden of establishing, by reference to particular circumstances, that the transfer forum is clearly more convenient." *Id.* When making a transfer determination, the court must consider both the private interests of the parties as well as the public interests of the court. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Factors that the court considers in balancing the private interests include: "(1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses." *Technical Concepts L.P., v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *2 (N.D. Ill. Oct. 31, 2002). The public interests include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Von Holdt v. Husky Injecting Molding Sys. Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).

## I. Private Factors

### A. Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum is given substantial weight. *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982). However, the plaintiff's choice of forum is not absolute. *Source Servs. Corp. v. Technisource*, No. 95 C 1420, 1995 WL 493499, at *1 (N.D. Ill. Aug. 9, 1995). For example, in class action suits the weight given to the plaintiff's choice of forum is not substantial. *Roots P'ship v. Lands' End, Inc.*, No. 90 C 1310, 1990 WL 186776, at *3 (N.D. Ill. Nov. 14, 1990). When a nationwide class is alleged, less deference should be given to the plaintiff's choice of forum because any member of the "'class who subsequently chooses to appear might be faced with similar inconveniences, depending on where the action proceeds.'" *Id.* (quoting *Blake Constr. Co. v. Int'l Harvester Co.*, 521 F. Supp. 1268, 1271-72 (N.D. Ill. 1981)).

In this case, Plaintiff resides in Illinois. However, Plaintiff alleges there are "hundreds or thousands of members in the Proposed class" throughout the country. (Compl. ¶ 31.) Many of these class members could be inconvenienced by litigation in the Northern District of Illinois. Further, as discussed below, from the evidence that the parties have submitted, it appears that the majority of the material events took place in California and not Illinois. Therefore, Plaintiff's choice of forum factor neither favors nor disfavors the transfer of venue to the Central District of California.

### B. Situs of Material Events

Courts must determine whether a "lawsuit has any material relationship to the district in which it is brought." *QSN Indus. Inc. v. Sanderson*, No. 95 C 3356, 1995 WL 743751, at *5

4

(N.D. Ill. Dec. 13, 1995); *see also Technical Concepts*, 2002 WL 31433408, at *3. Plaintiff's complaint alleges that Defendants' press releases contained false statements concerning the use of steroids in the clinical trials of Abraxane. (Compl. ¶ 1.) Therefore, the Court must determine whether the false statements themselves have a material relationship to the Northern District of Illinois. Although the complaint alleges that Defendants made misleading statements, Plaintiff asserts that the material events underlying this cause of action were the clinical trials themselves, which were scattered across the country and the world. (*Id.*) The Court disagrees.

Clearly, the press releases were received and purchases of stock occurred in Illinois as well as across the country. However, the material events at issue in this "case are not the actual purchases of stock or the receipt of the press releases." *See Plotkin,* 168 F. Supp. 2d at 903. Nor are the material events the actual trials in which steroids were used. Rather, the material events are the "creation and dissemination" of the press releases, all of which occurred in the Central District of California. *See id.* Defendant APP in Los Angeles, California, together with the non-party Los Angeles-based investor relations firm, Pondel-Wilkinson, prepared and issued the press releases. Any decisions regarding the creation or dissemination of the press releases occurred in California. Therefore, because the material events occurred in the Central District of California, this factor weighs heavily in favor of transfer.

### C. Relative Ease of Access to Sources of Proof

As stated above, the challenged statements were drafted in the Central District of California by APP with the assistance of Pondel-Wilkenson. Defendants assert that to the extent any other documents exist regarding the preparation or dissemination of the press releases, this relevant evidence would be located in the Central District of California. However, the location

5

of documents is not a "compelling factor, given the ready availability of photocopying and the relative ease with which documents may be selectively shipped around the country." *Bianco v. Texas Instruments, Inc.*, 627 F. Supp. 154, 165 (N.D. Ill. 1985). The location of pertinent documents does not "militate for or against transfer." *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1018 (N.D. Ill. 1998). Consequently, the location of documents neither favors nor disfavors transfer.

### D. Convenience of the Parties and Witnesses

Courts in this district view convenience of witness as a prime factor in determining transfer. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). However, courts generally do not assign as much weight to the convenience of employee witnesses, "as they are under the control of the parties themselves." *Coleman v. Buchheit*, No. 03 C 7495, 2004 WL 609369, at *2 (N.D. Ill. Mar. 22, 2004). Rather, courts generally look at the "nature and quality of the witnesses' testimony with respect to the issues of the case." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004).

Defendants' witnesses all reside in the Central District of California. However, the majority of the witnesses are party witnesses or employee witnesses. Consequently, their convenience does not weigh for or against transfer. However, Defendant also intends to call employees from the Los Angeles-based investor relations firm, Pondel-Wilkenson. Taking into account relevant testimony that could be provided by non-party witnesses, "it is important to consider which forum will be more convenient for those individuals." *Coleman*, 2004 WL 609369, at *2. The Pondel-Wilkenson witnesses' testimony is highly relevant as it involves the creation of the press releases at issue.

Moreover, a majority of the plaintiff's witnesses reside outside of Illinois. For example, Plaintiff intends to call "several employees" from North Carolina responsible for setting up, administrating and managing the clinical trials, and at least one witness from the United Kingdom. Plaintiff only intends to call two non-party witnesses, who are located in the Northern District of Illinois.[1] (Pls.' Br. at 10-11.) Neither of these witnesses, however, has direct information regarding the material events of this cause of action, *i.e.*, the dissemination and creation of the alleged false statements. Consequently, the convenience of the witnesses factor favors transfer.

## II. Public Factors

In addition to weighing the private interests of the parties regarding transfer, the Court considers whether the interests of justice weigh for or against transfer. The interests of justice component of the court's transfer analysis primarily relates "to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey*, 796 F.2d at 221. The court must hold "traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses" as primary. *TIG Ins. Co. v. Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). Considerations include: "(1) the speed at which the case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the

---

[1] Plaintiff includes declarations from Michael Rosenberg, Andrea Meyers, Patrick Soon-Shiong, M.D. (a defendant in this case) and a complaint filed in the Superior Court of the State of California,*Health Decisions, Inc., v. American BioScience, Inc.* These declarations were taken and submitted in connection with *Health Decisions, Inc. v. American BioScience, Inc.*, No. BC 277193, in the California Superior Court, County of Los Angeles and not taken with regard to the instant case. Although Plaintiff argues in his brief that these people will be called as witnesses, Plaintiff fails to provide a declaration or affidavit stating as such. For this reason, the declarations are disregarded.

7

occurrence at issue, and (4) the desirability of resolving controversies in their locale." *Plotkin*, 168 F. Supp. 2d at 904.

As to the speed at which the case will proceed to trial, defendants introduce data examining the times at which cases proceed from filing to trial in both the Central District of California and the Northern District of Illinois. (Defs.' Ex. G, United States District Court - Judicial Caseload Profile). The difference between the two districts from filing to trial is approximately five months in favor of the Central District of California.[2] *See id.* However, the same data illustrates that from filing to disposition the difference is two months in favor of the Northern District of Illinois.[3] *See id.* These statistics seem to suggest that although a case might find quicker non-trial resolution in the Northern District of Illinois, the parties might receive a trial quicker in the Central District of California. *See id.* The Court is confident that these differences would not significantly impinge on the speed of the proceedings. Therefore, this factor neither favors nor disfavors transfer.

The court's familiarity with applicable law is also a neutral factor that weighs neither for nor against a transfer. This cases hinges on a question of federal securities law which both this court and the Central District of California are equally competent to decide. *See Technical Concepts L.P.*, 2002 WL 31433408, at *8.

Finally, as to the factor regarding the relation of the community to the occurrence and the desirability of resolving controversies in their locale, as discussed above, the Central District of

---

[2] The U.S. District Court Judicial Caseload Profile contains information regarding the median times in months from filing to trial. For the Northern District of Illinois, the median time is twenty-six months. *Id.* For the Central District of California, the median time is 21.2 months. *Id.*

[3] The U.S. District Court Judicial Caseload Profile contains information regarding the median times in months from filing to disposition. For the Northern District of Illinois, the median time is 5.5 months. *Id.* For the Central District of California, the median time is 7.5 months. *Id.*

California is the situs of the material events. Although APP's principal place of business is in the Northern District of Illinois, the statements in question emanated from APP's offices in the Central District of California. (Defs.' Reply at 6.) Although it is true that clinical trials took place across the country and the world, the allegedly fraudulent statements were generated in and emanated from the Central District of California. Thus, this Court finds that the Central District of California has a "stronger interest [in] and connection" with this case. *See Plotkin*, 168 F. Supp. 2d at 905. Consequently, this factor favors transfer.

In sum, the Court holds that transfer to the Central District of California is proper. For the reasons stated, both the private interests and the public interests weigh in favor of transfer. Consequently, the Court grants defendants' motion to transfer the case pursuant to 28 U.S.C. § 1404(a).[4]

## CONCLUSION

For the foregoing reasons, the Courts grants defendant's motion to transfer venue [doc. 43-1]. This case is hereby transferred to the Central District of California.

**SO ORDERED**  ENTERED: 11/2/04

HON. RONALD A. GUZMAN
**United States District Judge**

---

[4]Because the Court grants the motion, it need not rule on the pending motion to dismiss pursuant to Rule 12(b)(6), which should be addressed by the transferee court.

9